ceedings had by the district court upon the petition. or in the matter of the said Read in bankruptcy.

## Case No. 5,920.

### In re HALL.

[1 Dill. 587.] 1

Circuit Court, D. Iowa. 1871.

BANKRUPTCY—APPEAL—REVIEW—COMMERCIAL PA-PER—SUSPENSION OF PAYMENT—BANKRUPTCY.

1. A creditor who does not claim under commercial paper may charge, as an act of bankruptcy, failure by debtor after suspension to resume payment of commercial paper, though suspension be not fraudulent.

[See In re Ballard. Case No. 816; Baldwin v. Wilder, Id. 806.]

2. An order vacating an adjudication of bankruptcy made at the former term cannot be revised on appeal.

In bankruptcy.

E. A. Storrs, for petitioning creditor.
N. M. Hubbard, opposed.

DILLON, Circuit Judge. 1. An appeal to the circuit court does not lie by the petitioning creditor from an order of the district court vacating, at the instance of another creditor, an order made at a previous term, adjudicating their debtor a bankrupt; the remedy of the petitioning creditor in such a case is under the second section of the bankrupt act [of 1867 (14 Stat. 518)], and not by an appeal under the eighth section. Ruddick v. Billings [Case No. 12,110]; Ex parte Alexander [Id. 160]; Langley v. Perry [Id. 8,067]; Hawkins v. Bank [Id. 6,245].

2. A creditor whose claim is not evidenced by commercial paper, but rests in an open account, may file a petition against his debtor, under section 39 of the act, and charge, as an act of bankruptcy, that he has suspended and failed to resume payment of the commercial paper for the prescribed period.

3. It is not necessary, in order to constitute an act of bankruptcy, that the suspension and failure to resume payment of commercial paper for fourteen days should be fraudulent. In re Burt [Id. 2,210].

## Case No. 5,921.

### In re HALL.

[2 Hughes, 411; 2 9 N. B. R. 366.]

District Court, E. D. North Carolina. Dec., 1873.

BANKRUPTCY—ALLOTMENT OF HOMESTEAD—RE-ASSESSMENT.

Where the homestead has been duly laid off and allotted under the law of North Carolina, act of April 7th, 1869, and no fraud, complicity, or other irregularity is shown, the bankrupt

1 [Reported by Hon. John F. Dillon, Circuit Judge. and here reprinted by permission.]

2 [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

courts will not order a reassessment for mere excess of value.

Article 10 of the constitution of North Carolina provides "that every homestead, and the dwelling and buildings used therewith, not exceeding in value one thousand dollars, to be selected by the owner thereof, or in lieu thereof, at the option of owner, any lot in a city, town or village, with the dwelling and buildings thereon, owned and occupied by any resident of this state, and not exceeding the value of one thousand dollars, shall be exempted from sale under execution, or other final process, obtained on any debt," except for taxes, etc., for a specified period of time. The general assembly, at the session of 1868–69, passed a law to carry into effect the foregoing provisions of the constitution. Laws 1868–69, p. 331, c. 137. Said law provides, among other things, that "before levying upon any homestead thus owned and occupied, the sheriff, or other officer charged with the levy, shall summon three disinterested persons qualified to act as jurors," to whom he shall administer the prescribed oath. "Said appraisers shall thereupon proceed to value the homestead, with its dwelling and buildings thereon, and lay off to said owner such portion as he may select," etc. "The appraisers shall then make and sign in the presence of the officer a return of their proceedings, setting forth the property exempted, which shall be returned by the officer to the clerk of the court of the county in which the homestead is situated, and filed with the judgment roll in action, and a minute of the same entered on the judgment docket. If the judgment creditor for whom the levy is made, or judgment debtor or person entitled to homestead exemptions, shall be dissatisfied with the valuation and allotment of the appraisers, he may, within ten days thereafter, or any other judgment creditor within six months, and before sale under execution of the excess, notify the clerk of the township thereof and file with him a transcript of the return of the appraisers, and thereupon the clerk shall notify the other trustees of the township to meet him, at a time specified, within ten days, on the premises, to reassess and allot the said homestead. Any appraisal or allotment by the trustees of the township may be set aside on application of any party interested in it, for fraud, complicity, or other irregularity. The proceedings shall be upon petition, as in other special proceedings. and the applicant shall give bonds to the opposing party for costs and damages." By the amendments of the bankrupt law of June 8th, 1872 [17 Stat. 334], and March 3d, 1873 [Id. 577], it is provided "that the exemptions allowed the bankrupt by the said amendatory acts shall be the amount allowed by the constitution and laws of each state, respectively, as existing in the year 1871," etc.

On the 23d day of June, 1873, Jack Hall was duly adjudged a bankrupt in said court up-